UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:24-CR-81-S-GFVT-EBA-02

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                              **PLEA AGREEMENT**

JASON RAY HARRIS                                                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 3, 4, and 5 of the Superseding Indictment. Count 3 charges possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count 4 charges possession of a firearm in furtherance of a drug trafficking crime (alleged in Count 3), in violation of 18 U.S.C. § 924(c)(1)(A); and Count 5 charges felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Defendant also agrees to forfeiture as outlined in the forfeiture allegation of the Superseding Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1 and 7 of the Superseding Indictment, as well as the original Indictment, as to this Defendant.

1

2a. The essential elements of Count 3 are as follows:

(a) First, that the Defendant knowingly or intentionally possessed methamphetamine, a Schedule II controlled substance.

(b) Second, that the Defendant possessed methamphetamine with the intent to distribute it.

(c) Third, that the quantity of actual methamphetamine was 50 grams or more.

2b. The essential elements of Count 4 are as follows:

(a) First, that the Defendant committed the drug crime charged in Count 3, for which he may be prosecuted in a court of the United States.

(b) Second, that the Defendant knowingly or intentionally possessed the firearm.

(c) Third, that the possession of the firearm was in furtherance of the drug trafficking crime charged in Count 3.

2c. The essential elements of Count 5 are as follows:

(a) First, that the Defendant knowingly possessed a firearm specified in the Superseding Indictment.

(b) Second, at the time he possessed a firearm, the Defendant had been convicted of a crime punishable by imprisonment for more than one year, that is, a felony offense.

(c) Third, the Defendant knew that he was a felon.

(d) Fourth, that the firearm crossed a state line prior to the Defendant possessing the firearm.

3. As to Counts 3, 4 and 5, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On March 17, 2024, Lexington DEA agents were conducting surveillance of a coconspirator who had traveled to the Eastern District of Kentucky (EDKY) to distribute controlled substances. Agents observed this coconspirator meet with HARRIS at a hotel on Waller Avenue in Fayette County, Kentucky, and witnessed a hand-off of a gift bag from the coconspirator to HARRIS. HARRIS was driving a black Jeep and was the sole occupant of the vehicle. Kentucky State Police (KSP) officers attempted to stop the Jeep. HARRIS fled in the Jeep, and then on foot. The gift bag, seen by agents, was located in the vehicle and found to contain 7,791 grams of pure or actual methamphetamine (per DEA Laboratory results). HARRIS admits that he agreed to purchase this quantity of methamphetamine from a coconspirator and that intended to distribute it. A loaded Glock .40 caliber firearm was found in between the driver seat and the center console. The firearm was confirmed to be stolen. Two cellphones were also found in the vehicle. Search warrants were obtained for both phones. The resulting forensic searches of the phones proved that they belonged to HARRIS.

(b) HARRIS admits that he is a convicted felon and knew that he was a felon at the time of his possession of the Glock .40 caliber firearm. HARRIS admits that he has a prior conviction for Trafficking in a Controlled Substance in the First Degree (Cocaine) in the Fayette Circuit Court Indictment Number 10-CR-00585-01. For this offense, HARRIS was sentenced to 13 years' imprisonment in December 2011 and served more than 12 months' imprisonment prior to his release from incarceration in 2012. HARRIS admits that he possessed the Glock .40 caliber firearm in furtherance of a drug crime; that is, HARRIS knew that he would be obtaining approximately 8 kilograms of methamphetamine and possessed the firearm to protect himself and the drugs. HARRIS further acknowledges that an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) examined the origin of the firearm and determined that it was not manufactured in the state of Kentucky, and thus had crossed a state line prior to HARRIS' possession of the weapon.

4. The enhanced statutory punishment for Count 3 is imprisonment for not less than 15 years nor more than life imprisonment, a fine of not more than $20,000,000, and a term of supervised release of not less than 10 years. The statutory punishment for Count 4 is imprisonment for not less than 5 years and not more than life imprisonment, which must run consecutively to any other sentence imposed, a fine of not more than $250,000, and a term of supervised release of not more than 5 years. The statutory punishment for Count 5 is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count applies, and the Defendant will pay this $300 assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

5. Pursuant to Rule 11(c) (1) (B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, Manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all the facts set forth in paragraph three and the provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(1), the base offense level for Count 3 is 38 based upon a drug weight of more than 4.5 kilograms of actual methamphetamine.

    (d) Pursuant to U.S.S.G. § 2K2.4 (b), the guideline sentence for Count 4 is 60 months, which must run consecutively to any other sentence imposed.

(e) Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the base offense level for Count 5 is 20 because the Defendant committed any part of the instant offense after sustaining at least one felony conviction of either a crime of violence or a controlled substance offense.

(f) Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), the base offense level for Count 5 is increased by 2 levels because the offense involved a stolen firearm.

(g) Pursuant to U.S.S.G. § 3D1.2(d), the offenses in Counts 3 and 5 group. Pursuant to U.S.S.G. § 3D1.3(b), the highest offense level for any individual count within a count group shall be the controlling offense level for the entire group, which, in this case, is an offense level of 38. Pursuant to U.S.S.G. § 3D1.1(b)(1) and § 2K2.4(b), Count 4 does not group with any other count.

(h) Pursuant to U.S.S.G. § 3E1.1(a) and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level pursuant to U.S.S.G. § 3E1.1(b) based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal any aspect of the sentence imposed. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

5

9. The Defendant consents to and acknowledges the administrative forfeiture to the United States of all right, title, and interest in the firearms and ammunition listed in the forfeiture allegation of the Superseding Indictment. The Defendant agrees that all this property is subject to forfeiture because a nexus exists between it and criminal violations. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees to take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including, but not limited to, executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office and will make a full and complete financial disclosure. Within 30 days from his guilty plea, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving

the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

8

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant acknowledges that he understands this Agreement, that his attorney has explained it to him, and that his entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 12/8/2025  By: _____
G. Todd Bradbury
Assistant United States Attorney

Date: 12/4/25  _____
Jason Harris
Defendant

Date: 12/4/25  _____
Jeffrey C. Rager
Attorney for Defendant

9